IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM HAYWOOD GORDON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 5:22-cv-00458-MTT** |
| WELLS FARGO BANK, N.A. INC. | ) | |
| (WELLS FARGO DEALER SERVICES, | ) | |
| WELLS FARGO AUTO FINANCE, LLC); | ) | |
| SUPERIOR RECOVERY AND | ) | |
| TRANSPORT, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

**WELLS FARGO BANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED AND CORRECTED MOTION FOR TEMPORARY RESTRAINING ORDER**

Defendant identified as "Wells Fargo Bank, N.A., Inc. (Wells Fargo Dealer Services, Wells Fargo Auto Finance, LLC," properly known as Wells Fargo Auto, a division of Wells Fargo Bank, N.A., fka Wells Fargo Dealer Services ("Wells Fargo") hereby responds to Plaintiff William Haywood Gordon's "Amended and Corrected" Motion for Temporary Restraining Order (Doc. 12), stating as follows:

## I. INTRODUCTION

In response to Wells Fargo's Motion to Dismiss and Response to his initial Motion for Temporary Restraining Order, Plaintiff is seeking, it seems, to change the entire basis upon which this lawsuit is founded. Specifically, rather than relying upon a contention that he unilaterally rescinded his vehicle loan with Wells Fargo pursuant to Section 1635 of the Truth in Lending Act ("TILA"), Plaintiff now claims the underlying Retail Installment Sales Contract was never actually

assigned to Wells Fargo. Plaintiff reaches the same conclusion as under his prior theory, however, contending that Wells Fargo does not hold a valid security interest in the subject vehicle and, as such, its efforts to collect on the loan and its ultimate repossession of the vehicle were in violation of law. Thus, Plaintiff once again asks that the Court order Wells Fargo not only to cease any collection efforts, but also to return the vehicle to Plaintiff.

As outlined below and in Wells Fargo's Reply in Support of its Motion to Dismiss (Doc. 14), which addressed the same allegations as asserted in Plaintiff's other recent filings (*see* Docs. 11, 13), Plaintiff's arguments are procedurally and factually deficient, and he is not entitled to a TRO or any other relief in this Action.

## II. <u>BACKGROUND</u>

As set forth in the Complaint and exhibits thereto, Plaintiff entered into a Retail Installment Sales Contract (the "RISC") for the purchase of a 2019 Chevy Tahoe (the "Vehicle") on June 1, 2022. [*See* Compl. ¶ 6 and Ex. 1] The RISC was immediately assigned by the seller to Wells Fargo. [*Id.* at ¶ 7 and Ex. 1] Pursuant to the RISC, Wells Fargo financed a loan to Plaintiff in the amount of $54,902.00 (the "Loan"), and Plaintiff was required to remit payments to Wells Fargo in the amount of $919.04 per month beginning July 16, 2022. [*See id.* at Ex. 1, p. 1]

Plaintiff almost immediately fell behind on his Loan payments, resulting in Wells Fargo sending a notice on October 3, 2022, advising of Plaintiff's default and the actions necessary to avoid repossession of the Vehicle. [*See id.* at ¶ 11 and Ex. 2] Rather than bring the Loan current, and despite maintaining possession of the Vehicle, Plaintiff attempted to unilaterally "rescind" the Loan pursuant to an inapplicable provision of the TILA. [*See id.* at ¶ 13] Because Plaintiff never cured his default, Wells Fargo sent another notice on December 15, 2022, advising Plaintiff that the full amount of the Loan was due and owing, and that the Loan was being reported to the credit bureaus as delinquent. [*See id.* at Ex. 6]

The Vehicle was subsequently repossessed in accord with the provisions of the governing RISC. [*See id.* at ¶ 19 and Ex. 1, p. 3 ("If you default, we may take (repossess) the vehicle from you . . .").] Wells Fargo sent Plaintiff a letter on December 23, 2022, advising him of the forthcoming sale of the Vehicle and his options to redeem it. [*See id.* at Ex. 6.] Rather than attempt to redeem, Plaintiff has filed the present lawsuit contending that by his simple mailing of a unilateral "rescission notice," and now because the RISC was purportedly never assigned to Wells Fargo, Wells Fargo has no security interest and is not entitled to recover the nearly $60,000 it paid for Plaintiff to obtain the Vehicle.

## III. <u>STANDARD FOR ENTRY OF A TRO</u>

"A plaintiff seeking a temporary restraining order must establish that (1) there is a substantial likelihood of success on the merits; (2) the temporary restraining order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm that the temporary restraining order would cause to the non-movant; and (4) the temporary restraining order would not be averse to the public interest." *Guinn v. Seterus, Inc.*, No. 3:18-CV-135-CAR, 2019 WL 454595, at *7 (M.D. Ga. Feb. 5, 2019). A TRO "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion'" on each of these four elements. *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citing *All Care Nursing Serv. Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)). A TRO, which is adjudicated on an emergency basis, is meant merely to preserve the status quo until a hearing on the merits can be held. *United States v. Kaley*, 579 F.3d 1246, 1264 (11th Cir. 2009); *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1515 n.14 (11th Cir. 1994). Because Plaintiff cannot satisfy the elements necessary to sustain a TRO, his motion must be denied.

## IV. ARGUMENT

### A.    Plaintiff Can Demonstrate No Likelihood of Success on the Merits.

Plaintiff's Complaint asserts causes of action against Wells Fargo for violations of the TILA, the Fair Debt Collection Practices Act ("FDCPA"), and the Fair Credit Reporting Act ("FCRA"), and vaguely references violations of the Federal Trade Commission Act ("FTCA"). The deficiencies of such claims are addressed in detail in Wells Fargo's pending Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law. [*See* Doc. 7.] While Plaintiff filed an "Objection" to the Motion to Dismiss, that Objection did not proffer any arguments in opposition to dismissal of his FTCA, TILA, or FCRA claims. Thus, Plaintiff has abandoned such claims, and they are due to be dismissed. *See Nguyen v. Wolf*, No. 1:20-CV-02660-ELR, 2020 WL 13544295, at *1 (N.D. Ga. Nov. 10, 2020) ("[W]when an argument is raised that a claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned."); *see Murphy v. Croome*, No. 5:21-CV-00144-TES, 2021 WL 3710730, at *2 (M.D. Ga. Aug. 20, 2021); *Marx v. Georgia Dep't of Corr.*, No. 7:12-CV-92 HL, 2013 WL 5347395, at *5 (M.D. Ga. Sept. 23, 2013).

As to the FDCPA, the arguments in Plaintiff's Amended and Corrected Motion for TRO mirror those asserted in his Objection to the Motion to Dismiss. Namely, Plaintiff now contends in both filings that Five Star Chevrolet Cadillac LLC failed to execute the assignment provision of the subject RISC signed by Plaintiff. Thus, Plaintiff argues, there was no assignment and Wells Fargo has "no standing or right to Plaintiff's property," "is merely a debt collector," and has "no standing or claim in this matter." [*See* Doc. 12-1 at pp. 2-3; *see also* Doc. 11 at p. 8 (claiming Wells Fargo "has no defense or claim as a creditor and is acting as a debt collector for the creditor listed on the [RISC], which is Five Star Chevrolet Cadillac, LLC.").] Plaintiff's argument fails for multiple reasons.

50347010 v1

First, a review of the referenced RISC shows that a representative of Five Star did, in fact, execute the assignment provision:

| You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it. |
| --- |

Buyer Signs **X** William Haywood : Gordon ** Date **05/01/2022**   Co-Buyer Signs **X**   N/A    Date    N/A
Buyer Printed Name **WILLIAM HAYWOOD GORDON**    Co-Buyer Printed Name **N/A**
If the "business" use box is checked in "Primary Use for Which Purchased": Print Name **N/A**    Title **N/A**

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
Other owner signs here **X**   N/A    Date **N/A**   Address   N/A
Seller signs **FIVE STAR CHEVROLET CADILLAC, LLC**    Date **06/01/2022**   By **X**    Title **F&I MGR**

Seller assigns its interest in this contract to   **WELLS FARGO DEALER SERVICES**    (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse    ☒ Assigned without recourse    ☐ Assigned with limited recourse
Seller   **FIVE STAR CHEVROLET CADILLAC, LLC**
By **X**    Title **F&I MGR**

[Ex. 1 to Compl., p. 4.]

Next, Plaintiff's own allegations in the Complaint admit that "Five Star Chevrolet Cadillac, LLC assigned its interest to Wells Fargo Dealer Services Incorporated and [sic] division of Wells Fargo." [Compl., ¶ 7.] Nowhere in Plaintiff's Complaint does he assert, as he does in his Objection and Amended Motion for TRO, that Wells Fargo was acting as a debt collector for Five Star. Rather, the Complaint explicitly alleges that "Wells Fargo Dealer Services, Incorporated is using Wells Fargo Auto Finance, LLC to act as a debt collector." [*Id.* at ¶ 7.][1] Plaintiff cannot change or amend the allegations of his Complaint in response to Wells Fargo's Motion to Dismiss or in a subsequent motion. *See, e.g.*, *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Ervin v. Cap. Mgmt. Servs., LP*, No. 1:22-CV-1848-MLB-CMS, 2022 WL 17544369, at *2 (N.D. Ga. June 6, 2022).

---

[1] As noted in the Motion, both Wells Fargo Dealer Services, Inc. and Wells Fargo Auto Finance, LLC, merged with and into Wells Fargo Bank, N.A., more than a decade before the subject transaction.

Moreover, all of Plaintiff's allegations in the Complaint base his FDCPA claim on the theory that he "rescinded" the subject Loan. As outlined in Wells Fargo's Motion to Dismiss and Reply in support of same, the TILA rescission statute at issue does not apply to the Loan, any purported rescission attempt was improper and ineffective, and Plaintiff has abandoned any claims relating thereto. [*See* Docs. 7, 14.] Thus, Plaintiff's FDCPA claims premised on the attempted "rescission" of the Loan likewise fail.

Finally, Plaintiff's Complaint, Objection, and present Motion for TRO are all devoid of any facts – as opposed to conclusory statements – supporting an inference that Wells Fargo is a debt collector. The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *see Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1302 (11th Cir. 2012). Plaintiff proffers no allegations that Wells Fargo's principal business purpose is the collection of debts or that it regularly engages in the collection of debts for another. [*See generally* Compl.] Absent sufficient factual content establishing that Wells Fargo qualifies as a debt collector, Plaintiff's FDCPA claim fails. *See, e.g.*, *Hudson v. Scharf*, No. C21-5827JLR, 2022 WL 226077, at *3 (W.D. Wash. Jan. 26, 2022); *Watts v. Wells Fargo Dealer Servs., Inc.*, No. 4:15-CV-02250-KOB, 2017 WL 2289111, at *3 (N.D. Ala. May 25, 2017); *Baron v. Wells Fargo Bank, N.A.*, No. SACV121161AGRNBX, 2012 WL 13019953, at *4 (C.D. Cal. Oct. 23, 2012).

For all of these reasons, Plaintiff has not shown – nor can he – a likelihood of success on the merits in this action, and his request for a TRO must be denied. *See Guinn*, 2019 WL 454595, at *7 (denying motion for temporary restraining order based on finding, as outlined in defendant's

motion to dismiss, that plaintiff "failed to state any claim for relief, and certainly cannot show a substantial likelihood of success on the merits of any of his claims").

### B.  Plaintiff Has Not Established Irreparable Injury.

Irreparable harm, quite simply, is harm that cannot be compensated with money. "'Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough to constitute irreparable injury. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.'" *Snook v. Trust Company of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 487 (11th Cir. 1990) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

As support for this requirement, Plaintiff states only that Wells Fargo's purported "act invasion of privacy against Plaintiff are [sic] irreparable by and through its abusive debt collection practices," citing 15 U.S.C. § 1692(a). [Doc. 12-1, p. 2.] As addressed above, however, Plaintiff's FDCPA claims fails as a matter of law. Further, and tellingly, Plaintiff does not contend anywhere in his Complaint or any other filings in this case that he was not in default on his Loan payments. Even if Plaintiff could overcome these hurdles, Plaintiff makes no effort to establish that the Vehicle at issue is unique or irreplaceable such that monetary damages would not compensate him for its loss. To the contrary, Plaintiff's own description of his potential harm in his original Motion for TRO includes not only "property loss (2019 Chevy Tahoe)" but also "financial loss (investment of the truck), defamation of credit and character." [Doc. 2 at ¶ 4.] Moreover, the only purported claims made in Plaintiff's Complaint are for alleged money damages. Plaintiff's Complaint makes no claim or prayer at all for any injunctive relief. As such, Plaintiff has essentially admitted that he has an adequate remedy at law and will suffer no irreparable harm in the event Wells Fargo sells the Vehicle. On that ground alone, Plaintiff's motion should be denied. *See Polonczyk v.*

*Toyota Motor Corp.*, No. 3:15CV15/RV/EMT, 2015 WL 13387854, at *2 (N.D. Fla. Feb. 25, 2015), *report and recommendation adopted*, No. 3:15CV15/RV/EMT, 2015 WL 13387583 (N.D. Fla. Mar. 6, 2015) ("Plaintiff failed to satisfy his burden of demonstrating he will suffer immediate and irreparable injury, loss, or damage if immediate, ex parte relief is not granted. His allegations do not plausibly suggest that Defendants will attempt to physically harm him in an attempt to collect the debt he apparently owes. Further, any damage to Plaintiff's property interests (e.g., repossession of the vehicle or damage to it) is reparable."); *Martin v. Bank of Am. Corp.*, No. 1:12-CV-00678-SCJ, 2012 WL 13015106, at *1 (N.D. Ga. May 3, 2012) ("As for the second factor, it is unclear what the irreparable injury is, or for that matter, what the requested relief is. The Complaint alleges the property has been foreclosed upon and sold; this Court cannot enjoin a foreclosure sale that has already occurred. It appears Plaintiff might be attempting to prevent the Defendants from entering the property. But Plaintiff fails to articulate how he would be irreparably harmed if Defendants enter the property.").

## C.     The Relief Sought By Plaintiff Fails the Balancing of Harms Test.

Given the clear legal deficiency of Plaintiff's rescission and invalid assignment theories, Plaintiff simply cannot demonstrate that any alleged harm to him would outweigh the harm to Wells Fargo if it is prevented from the lawful exercise of its contractual rights to repossess and sell the Vehicle after Plaintiff's default. Plaintiff does not dispute that he executed the RISC, that Wells Fargo provided financing for his purchase of the Vehicle, or that he failed to remit the payments due under the RISC. Plaintiff likewise does not dispute that the RISC expressly provides for the repossession and sale of the Vehicle following a default.

Granting the injunctive relief requested by Plaintiff would contravene the express provisions of the RISC executed by Plaintiff in favor of Wells Fargo. A TRO is intended to

maintain the "status quo" of the parties. *Kaley*, 579 F.3d at 1264. Here, however, requiring Wells Fargo to return a Vehicle to Plaintiff that he admittedly has not paid for would not maintain the status quo, but result in continuing harm to Wells Fargo. *See Martin*, 2012 WL 13015105 at *1 (similarly finding that entry of a TRO to present a lender from entering foreclosed property would not maintain the status quo but result in continued harm to defendant).

Indeed, Georgia law is clear that parties are free to contract on any subject matter so long as the subject matter or object is not illegal or in contravention of Georgia public policy. *Cleveland Motor Cars, Inc. v. Bank of Am.*, 295 Ga. App. 100, 670 S.E.2d 892, 894 (2008) (recognizing and upholding Georgia's long- established principle of freedom of contract). It necessarily follows that Wells Fargo is not obligated and should not be forced, under the guise of a temporary restraining order or otherwise, to forego its bargained-for contractual rights and remedies, while Plaintiff has remained in continual breach of his contractual obligations. In effect, Plaintiff seeks to contravene the documents he signed and unilaterally require Wells Fargo to provide a vehicle to him at its own expense. To order as much would impose unnecessary harm on Wells Fargo and violate its right to contract on terms and with parties of its choosing.

### D.      Plaintiff Has Not Shown that the Relief Sought Would Serve the Public Interest.

Plaintiff's only effort to satisfy the public interest requirement for entry of a TRO is to state his belief that "Defendant is acting against public policy by conducting unlawful business through misrepresentation and fraud. This type of behavior is in contravention to public policy; thus, it is inherently harmful to the public." [Doc. 2 at p.3.]

As outlined exhaustively above, Plaintiff's rescission effort was unlawful and the RISC was, in fact, assigned to Wells Fargo. Thus, Plaintiff simply cannot show any wrongdoing by Wells Fargo with regard to his Loan. Issuing the TRO requested by Plaintiff would not serve the public

interest, but instead disserve it by setting precedent that a borrower can unilaterally and unlawfully avoid his payment obligations and retain a free vehicle simply by saying "I rescind" or challenging the sufficiency of an assignment *after* acknowledging the existence of a loan. This cannot be, and Plaintiff's motion should be denied.

### V. <u>CONCLUSION</u>

For the foregoing reasons, Wells Fargo respectfully requests that this Court deny Plaintiff's Amended and Corrected Motion for Temporary Restraining Order in its entirety.

Respectfully submitted,

*/s/ Jennifer E. Ziemann*
Jennifer E. Ziemann
Georgia Bar No. 264280
jziemann@burr.com
*Attorney for Defendant*

BURR & FORMAN LLP
171 Seventeenth Street NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

50347010 v1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed using the CM/ECF system, which will provide notice to all counsel of record enrolled for electronic service, and that it has been served on all unrepresented parties by U.S. Mail, on this the 28th  day of February, 2023:

William-Haywood Gordon
1659 Highway 20 West, Suite 370
McDonough, Georgia 30253
williamhaywoodgordon@gmail.com

/s/ Jennifer E. Ziemann
Jennifer E. Ziemann
Georgia Bar No. 264280
*Attorney for Defendant*

BURR & FORMAN LLP
171 17th Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

50347010 v1

11