**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **WILLIAM HAYWOOD GORDON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Case No.: 5:22-cv-00458-MTT** |
| **WELLS FARGO BANK, N.A. INC.** | ) |
| **(WELLS FARGO DEALER SERVICES,** | ) |
| **WELLS FARGO AUTO FINANCE, LLC);** | ) |
| **SUPERIOR RECOVERY AND** | ) |
| **TRANSPORT, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT'S MOTION TO STAY DISCOVERY**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendant identified as "Wells Fargo Bank, N.A., Inc. (Wells Fargo Dealer Services, Wells Fargo Auto Finance, LLC)" properly known as Wells Fargo Auto, a division of Wells Fargo Bank, N.A., fka Wells Fargo Dealer Services ("Wells Fargo"), by and through its undersigned counsel, hereby respectfully moves this Court to stay all deadlines and discovery in this matter pending resolution of Wells Fargo's Motion to Dismiss the Complaint of Plaintiff William Haywood Gordon ("Plaintiff") (Doc. 1). In support of this Motion, Wells Fargo respectfully states as follows:

**I. BACKGROUND**

Plaintiff's Complaint purports to assert various claims against Wells Fargo arising from an unsubstantiated belief that Wells Fargo has no security interest in the vehicle and is not entitled to recover the funds it paid in order for Plaintiff to obtain the vehicle. Plaintiff attempts to assert claims under the Federal Trade Commission Act, the Truth in Lending Act, the Fair Debt

Collection Practices Act, and the Fair Credit Reporting Act. On January 12, 2023 Wells Fargo filed a Motion to Dismiss Plaintiff's Complaint (the "Motion to Dismiss") in which it demonstrates that the Complaint is due to be dismissed with prejudice because the attempted causes of action are unsupported by fact and based on flawed legal theories. (*See* Doc. 7.) To promote judicial economy and efficiency, Wells Fargo respectfully requests that this matter be stayed pending resolution of the Motion to Dismiss.

## II. <u>ARGUMENT</u>

Under the Federal Rules of Civil Procedure, the Court is vested with broad discretion to stay discovery, upon a showing of good cause, in order to protect parties from undue burden or expense. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558-59 (11th Cir. 1985); *see also* Fed. R. Civ. P. 26.  The Eleventh Circuit has instructed that "[a]llowing a case to proceed through the pretrial processes with an invalid claim" while a dispositive motion is pending "does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system."  *Chudasama v. Mazda Motor Corp*., 123 F.3d 1353, 1368 (11th Cir. 1997). Disposing of non-meritorious claims before discovery begins, on the other hand, prevents the parties from incurring unnecessary costs and inconvenience, expedites the resolution of claims, and conserves judicial resources.  *Id*.

A district court's decision to stay discovery is not based on any presumption that the dispositive motion will be granted.  *See id.* However, the case for granting a stay of discovery is "particularly strong" when the district court has been asked to resolve facial challenges to the legal sufficiency of a claim which presents purely legal questions. *Id.* at 1367. Such is the case here, as the Motion to Dismiss is a facial challenge to the legal sufficiency of Plaintiff's Complaint and

presents purely legal questions for this Court to decide.  As explained thoroughly therein, the Motion to Dismiss shows that Plaintiff's attempted common law and statutory claims all fail as a matter of law, as they are based on legal theories for which no cause of action exists, are preempted, or are otherwise insufficiently pled.

The Motion to Dismiss seeks dismissal of the Complaint with prejudice in its entirety. Should the Motion be granted, the need for discovery will be eliminated, and any discovery conducted before such a ruling will be rendered unnecessary. Even should the Court decline to dismiss the Complaint in its entirety, or should Plaintiff be permitted leave to amend, such limitation or amendment of the claims at issue will impact the scope and nature of discovery required. Accordingly, Wells Fargo submits that there is good cause to stay discovery in this case pending the Court's ruling on the Motion to Dismiss.

### III. <u>CONCLUSION</u>

For the reasons stated herein, Wells Fargo respectfully requests that the Court grant its Motion to Stay and stay all deadlines and discovery in this case pending resolution of the Motion to Dismiss. For the Court's convenience, a proposed order is attached herewith.

Respectfully submitted,

*/s/ Jennifer E. Ziemann*
Jennifer E. Ziemann
Georgia Bar No. 264280
jziemann@burr.com
*Attorney for Defendant*

BURR & FORMAN LLP
171 Seventeenth Street NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

50401333 v1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed using the CM/ECF system, which will provide notice to all counsel of record enrolled for electronic service, and that it has been served on all unrepresented parties by U.S. Mail, on this the 8th day of March, 2023:

William-Haywood Gordon
1659 Highway 20 West, Suite 370
McDonough, Georgia 30253
williamhaywoodgordon@gmail.com

/s/ Jennifer E. Ziemann
Jennifer E. Ziemann
Georgia Bar No. 264280
*Attorney for Defendant*

BURR & FORMAN LLP
171 17th Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

50401333 v1