UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA – MACON

*Exhibit B*

| | |
|---|---|
| **WILLIAM HAYWOOD GORDON,**<br>**Plaintiff**<br><br>**v.**<br><br>**WELLS FARGO BANK N.A. INC., et al.**<br>**Defendants.** | **5:22 cv 00458 MTT**<br>**MEMORANDUM OF LAW**<br>**IN SUPPORT OF MOTION**<br>**FOR LEAVE TO AMEND**<br>**ORIGINAL AFFIDAVIT**<br>**OF COMPLAINT FOR**<br>**DAMAGES** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
LEAVE OF COURT TO AMEND ORIGINAL AFFIDAVIT OF COMPLAINT
FOR DAMAGE**

Plaintiff tenders this supporting document, "MEMORANDUM OF LAW: IN

SUPPORT OF MOTION FOR LEAVE TO AMEND" to the Court in the above

style case to give legal position for granting motion in this cause. Plaintiff shows

by law:

Leave to add parties and to amend complaint is proper and under Rule 15(a)

(2) which states leave "shall be freely given when justice so requires" unless there

be substantial countervailing reasons constraining the Courts discretion. Grayson v.

Kmart Corp,. 79 F.3d. 1086, 1097 (11th Cir. 1996).

## 1. *Addition of Parties* –

The Federal Rules of Civil Procedure state that persons may be joined in one action where a right to relief exists and arises out of the same transaction. Specifically Rule 20 (a) provides for the permissive joinder of parties "where there exist (1) a 'right to relief…arising out of the same transaction [and] occurrence,' and (2) 'common questions of fact or law.'" See Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996). See Rule 20(a) (2) (A). In this instant cause, Plaintiff seeks to add:

a. FIVE STAR CHEVROLET, CADILLAC, LLC, - is the original seller/creditor who caused the TILA violations prior to transferring assignment to Defendant Wells Fargo Bank N.A. Inc.

b. COX AUTOMOTIVE, INCORPORATED – materially participate in activities which are barred by the Fair Debt Collection Practices Act.

c. STEPHEN M. ROWLEY ("Rowley") (under his corporate title and in his individual capacity), has a statutory fiduciary duty to Plaintiff (as a consumer) under the Fair Debt Collection Practices Act.

d. MICHAEL P. SANTOMASSIMO (Santomassimo) (under his corporate title and in his individual capacity) has a fiduciary duty as Chief Financial Officer to settle the accounting for customers of accounts with Wells Fargo Bank, N.A. Inc.

2. *Addition of Claims* –

a. Georgia Fair Business Practice Act (Wells Fargo Bank N.A. Inc as assignee of Five Star Chevrolet, Cadillac, LLC) is proper when there is a violation, causation and injury. The Five Star Chevrolet, Cadillac, LLC creating a second retail installment agreement without the Plaintiff's knowledge caused serious harm to Plaintiff and directly led to loss of his property. "Tiism" *Amin v. Mercedes-Benz United States, LLC*, 301 F. Supp. 3d 1277, 1289 (N.D. Ga. 2018).

b. Rowley and Santomassimo should both be added as they are negligent in their fiduciary duty and are in breach as a corporate officer for failing to perform. It is well established that "one who is damaged as a result of a tort that is actually committed by a corporate agent may sue either the individual agent…or the corporation…or the injured party can sue both." Smith v. Hawks et al., 182 Ga. App. 379, 384, 355 S.E.2d. 669 (1987).

c. Torts of Trespass by Conversion (Superior Recovery and Transport, LLC and Cox Automotive Incorporated) is supported by well settled law in Georgia that "provides an adequate post-deprivation remedy for seizure and retention of personal property without due process of law". Grant v. Newsome, 201 Ga. App. 710, 411 S.E.2d 796 (1991).

GORDON- MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND 3

Plaintiff shows in the proposed amended complaint that notices were sent out 1ˢᵗ class certified mail to all parties and thus they have full knowledge of issues at hand. On the face of the complaint, along with the attached exhibits, Plaintiff cause cannot rightfully been deemed futile and as referenced herein above, leave should be given freely and liberally.

Moreover, upon granting Plaintiff's motion for leave to amend, Defendant's Motion to Dismiss becomes moot, and shall be dismissed. See Ramirez v. Cnty. Of San Bernardino, 806 F.3d 1102, 1108 (9th Cir. 2015) (internal citations omitted).

*Without Recourse*

By: *Gordon; William-Haywood / agent*

For: WILLIAM HAYWOOD GORDON
1659 Highway 20 West, Suite 370
McDonough, Georgia 30253
Williamhaywoodgordon@gmail.com

GORDON- MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND 5