IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON-DIVISION

*Exhibit C*

|  |  |
|---|---|
| WILLIAM HAYWOOD GORDON<br><br>Plaintiff,<br><br><br>vs.<br><br>WELLS FARGO BANK N.A. INC., MICHAEAL<br>P. SANTOMASSIMO (in Corporate and Individual<br>Capacity), SUPERIOR RECOVERY & TRANSPORT, LLC,<br>COX AUTOMOTIVE INC , FIVE STAR CHEVROLET<br>CADILLAC, LLC, STEPHEN M. ROWLEY (his Corporate<br>and Individual Capacity)<br><br>Defendants. | **5:22 CV 00458 -MTT**<br><br>**AMENDED**<br><br>**COMPLAINT** |

Gordon, William-Haywood, agent for the consumer and Principal

WILLIAM HAYWOOD GORDON ("Gordon") files this amended complaint

pursuant to Rule 15 of the Federal Rules of Civil Procedures and petitions this

Court for an order of relief in the above style caption case for damages arising out

of a consumer credit sale for a 2019 Chevrolet Tahoe on June 1, 2022. Gordon

makes his claim based on the following facts he presents before this Court:

## JURISDICTION

1.      Jurisdiction is proper as violations of count 1 and 2 arise under the Truth in Lending Act ("TILA") and the Fair Debt Collection Practices Act ("FDCPA").

2.      This Court also has supplemental jurisdiction over State of Georgia claims 3-7 in this cause of action pursuant to 28 U.S.C 1367.

3.      The Federal District Court of Middle Georgia -Macon Division is the proper venue as the transaction that gives rise to this petition occurred in Houston County, within the State of Georgia.

## PARTIES

4.      WILLIAM HAYWOOD GORDON ("Gordon") is a consumer, domiciled in Warner Robins, Georgia 31093.

5.      Defendant FIVE STAR CHEVROLET CADILLAC, LLC ("Five Star Chevy") is an auto dealership located at 495 Watson Boulevard in Warner Robins, Georgia 31093. They can be served by and through its General Manager Patrick Hoye at 900 Russell Parkway, Warner Robins, Georgia 31088.

6.    Defendant WELLS FARGO BANK N.A., INC., ("Wells Fargo Bank") is a foreign corporation registered with the Georgia Secretary of State's Office and can be served by and through its registered agent, Corporation Services Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

7.    Defendant MICHAEL P. SANTOMASSIMO ("CFO Santomassimo") can be served in his private and corporate capacities via Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

8.    Defendant SUPERIOR RECOVERY AND TRANSPORT, LLC ("Superior Recovery") is a domestic limited liability company registered with the Georgia Secretary of State's Office and can be served by and through its registered agent, George W. Hardison at its principal office located at 790 Dunbar Road, Byron, Georgia, 31008.

9.    Defendant COX AUTOMOTIVE INC., (Cox Automotive, Inc) is the parent company of MANHEIM AUTO AUCTION-ATLANTA (collectively "Cox Automotive") and is a foreign profit corporation registered with the Georgia Secretary of State's Office and can be served by and through its registered agent Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

10.     STEPHEN M. ROWLEY (CEO Rowley) in his corporate capacity as Chief Executive Officer of Cox Automotive can be served by and through its registered agent Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

## **STATEMENT OF FACTS**

11.     Gordon received an offer for a 2019 Chevrolet Tahoe ("Tahoe") being sold by Five Star Chevy for forty-five thousand seven hundred and ninety-nine dollars ($45,799.00). See exhibit 1.

12.     Gordon accepted this offer after his wife test drove the vehicle and went to dealership to complete transaction around 4 pm on June 1, 2022.

13.     Gordon completed a credit application to finance 100% of the vehicle cost with salesman Derak Thomas ("Thomas").

14.     After submitting the credit application, Gordon was told by Thomas that he would be required to submit a copy of his residential lease and one-thousand dollars ($1,000.00) to secure the financing from the lender.

15.     Gordon complied with Thomas's statement and submitted copy of lease to Thomas's email. See exhibit 2.

16. Thomas offered Gordon additional products which was initially declined. Thomas offered again stating "he was approved to use his employee discount" to reduce the amount of these add on warranty services.

17. Gordon paid the one-thousand dollars ($1,000.00) to the finance manager Peter Seliger. See exhibit 3.

18. Gordon signed the Retail Purchase Agreement and the Retail Installment Sales Agreement ("RISC 1"). See exhibit 4 and exhibit 5.

19. Gordon was not presented with any paperwork prior to, during, or immediately after the transaction. Seliger printed papers out and informed Gordon his copies would be emailed to him that evening.

20. After many days and several requests, paperwork was emailed to Gordon on June 7, 2022, by Seliger. See exhibit 6.

21. RISC 1 reflects Gordon as the buyer, Five Star Chevrolet Cadillac, LLC as the seller-creditor, and it is assigned to Wells Fargo Dealer Services.

22. Gordon's title for the Tahoe lists Gordon as the owner and Wells Fargo Dealer Services as the lien holder. See exhibit 7.

23.     Wells Fargo Dealer Services, Inc., merged with and into Wells Fargo Bank N.A.  effective July 1, 2011, and ceased to exist as a corporate entity. (Doc. 7, p.1).

24.     Gordon began receiving due bills from a company named Wells Fargo Auto in July 2022.

25.     Wells Fargo Auto Finance, LLC merged with and into Wells Fargo Bank N.A. effective February 1, 2012, and ceased to exist as a corporate entity. (Doc 7, p.1).

26.     In good faith, Gordon tendered payment in complete performance of his obligation on RISC 1 to Wells Fargo Auto via certified mail. See exhibit 8.

27.     After not seeing credit for payment, Gordon sent notice and copies of payment to CFO Santomassimo and to the Chief Accounting Officer of Wells Fargo Bank N.A. with instructions to properly credit the account. See exhibit 9.

28.     Wells Fargo Auto began aggressively attempting to collect the alleged debt by mail, threatening serious harm to Gordon's reputation and his property. Gordon rejected Wells Fargo Auto's offer and demanded them to cease and desist until they validated debt. See exhibit 10.

29.     Gordon was sent correspondence from Wells Fargo Bank N.A. informing him of the bank's investigation into his account. Wells Fargo Bank stated they confirmed Gordon's obligation with "5 Star Chevrolet" and provided a copy of his signed credit application and "a copy of the sales contract detailing the terms of the agreement, which was electronically signed" ("RISC 2"). See exhibit 11.

30.     On November 20, 2022, by and through repossession agent UAR DIRECT, LLC ("UAR"), Wells Fargo Auto attempted to take Gordon's Tahoe from the garage of his home. Gordon protested and was told to take his protest up with Wells Fargo Auto.

31.     A cease-and-desist order and a debt validation was sent to and received by UAR informing them to cease and desist and provide debt validation. UAR failed to respond. The letter was labelled "Notice Principal is Notice to Agent" and vice versa giving notice to Wells Fargo Auto. See exhibit 12.

32.     Wells Fargo Auto informed Gordon it had accelerated the "loan" per the contractual agreement and was reporting Gordon's alleged debt as a charge off with the consumers reporting agencies. See exhibit 13.

33.    Superior Recovery and Transport, LLC took possession of Gordon's Tahoe from the Galleria mall on December 22, 2022, ignoring the protest of Gordon's wife.

34.    Gordon went to Superior Recovery to retrieve his personal property and required to see a judicial order giving the right to seize his vehicle. Agents of Superior Recovery stated they had a "repo order" and that is all that is needed. Gordon, under duress complied so that he could retrieve his infant's car seat and asthma medicine. See exhibit 14.

35.    Gordon served upon Superior Recovery a cease and desist, a validation of debt request and a notice that Superior Recovery had no permission to communicate with any third parties about Gordon on December 28, 2022. See exhibit 15.

36.    Gordon filed suit for damages and temporary restraining order in Federal Court.

37.    On December 31, 2022, Superior Recovery transferred Gordon's Tahoe to Manheim Auto Auctions -Atlanta's marshalling yard.

38.    Manheim Auto Auctions- Atlanta is a subsidiary of Cox Automotive and is not licensed as a separate entity in the State of Georgia.

39.     Gordon filed a complaint through the Consumer Financial Protection Bureau ("CFPB") and the Office of the Comptroller of Currency ("OCC") detailing Truth in Lending Act (TILA) issues, and issues of a fraudulent RISC being used in attempts to collect an alleged debt.

40.     Wells Fargo Bank responded to all parties concerning Gordon's complaint and failed to acknowledge the fraudulent RISC 2 and affirmed Wells Fargo Auto's right to repossess Gordon's Tahoe, and provide notice of rejection of Gordon's offer of settlement.  See exhibit 16.

41.     Wells Fargo Auto sent a letter acknowledging they had Gordon's personal property, and he was required to give permission to sell vehicle or pay total amount allegedly due plus extra fees. See exhibit 17.

42.     Cox Automotive and CEO Rowley were served with a notice of cease and desist from all collection activities along with a request for validation of debt.

43. Gordon's letter notified Cox Automotive that it would be held liable in the amount of $2,000.00 per day for failure to return Gordon's property and CEO Rowley would be held liable for his role. See exhibit 18.

44.    In a letter dated January 19, 2023, Five Star Chevy rejected Gordon's private attempt to remedy the violations arising out of the original credit sale (transaction). See exhibit 19.

45.    Gordon's right to bring claims and present defenses against Five Star Chevy are preserved and passed on to the current holder which is Wells Fargo Bank doing business in the name of Wells Fargo Dealer Services.

## CLAIMS

### A. Count 1 - Truth in Lending Act-

46.    Five Star Chevy has a statutory duty as a creditor under TILA to comply with the Act by giving certain disclosures prior and during the consumer credit sale (transaction) with Gordon.

47.    Five Star Chevy failed to disclose to Gordon the Annual Percentage Rate, cost of financing, the total cost of credit involved in this transaction prior to consummation of the agreement.

48.    Five Star Chevy requiring a $1,000.00 down-payment by Gordon is in violation of the TILA.

49.    Five Star Chevy failed to disclose to Gordon that he was being sold the Tahoe at a different price then what was advertised in his email offer.

50.    Five Star Chevy failed to disclose to Gordon that it changed the agreed upon price of the vehicle leaving exhibit 4 and exhibit 5 displaying different itemized accounting.

51.    By and through the actions of failing to adhere to TILA, Gordon was deprived of his consumer rights to being informed of credit costs to seek and obtain the best possible credit cost and terms. Five Star Chevy is liable to Gordon under the Civil Liability section of the Act.

52.    Gordon is entitled to be made whole by an order of relief for harm and two-times the amount of the finance charge.

53.    As referenced in paragraph 45, Gordon brings this claim against Wells Fargo Bank.

## B. Count 2 - Fair Debt Collection Practices Act ("FDCPA")-

54.    Pursuant to the FDCPA, any violation arising hereunder this act, the debt collector shall be liable to the consumer for actual damages, additional damages, court costs, and attorney fees.

Wells Fargo Auto- division of Wells Fargo Bank

55.     Wells Fargo Auto, a division of Wells Fargo Bank, is operating under a name that gave Gordon the implication they are a third party. Wells Fargo Bank affirms this implication by speaking of Wells Fargo Auto in the third person as referenced in paragraph 40.

56.     Wells Fargo Auto is prohibited under the FDCPA from using aggressive, abusive, deceptive, and unfair practices in debt collection.

57.     Wells Fargo Auto's October 3, 2022 (reference paragraph 28), letter is prohibited and in violation of the following sections of the FDCPA:

   a. 806 (a) violence against Gordon's property,

   b. 807 (2)(A) stating Gordon owes a loan is false and misleading (Gordon filled out a credit application not a loan application) of the amount allegedly owed,

   c. 807 (4) representing that failure to pay would result in the seizure of Gordon's Tahoe,

   d. 808 (6) threatening to take non-judicial action ..with no present right to do so (Gordon tendered payment for Tahoe prior to this letter).

58.     Wells Fargo Auto's December 15, 2022 (reference paragraph 32), letter is prohibited and in violation of the following sections of the FDCPA:

    a. 806 (a) violence against Gordon's reputation by reporting false and misleading information of charge -off to consumer reporting agencies.

    b. 807 (2) (A) false representation of an amount owed.

    c. 812 furnishing deceptive forms.

59.    Wells Fargo Auto's practices and activities to communicate to its agents to seize Gordon's Tahoe is prohibited and in violation of the following sections of the FDCPA:

    a. 805 (b) communication with third parties without Gordon's express written consent

    b. 805 (c) having communications not allowed under this section

    c. 806 (3). Publishing a list utilized by UAR-Direct, Superior Recovery, and Cox Automotive to engage in activities to seize Gordon's Tahoe.

60.    Wells Fargo Auto's practices and activities of ordering and executing seizure of Gordon's Tahoe is prohibited and in violation of the following sections of the FDCPA:

    a. 808 (6) taking Tahoe with no present right to do so (RISC 1 was paid in full August 11, 2022, and RISC 2 is fraudulent).

    b. 809 (a) failure to comply and provide Gordon with validation of debt.

c. 809 (b) validation of debt was sent via its agents creating a stay on collection activities. Wells Fargo Auto seized the Tahoe prior to complying with section B within the thirty-day stay period.

61.    Wells Fargo Bank has caused serious harm to Gordon by and through its actions and violations referenced in paragraphs 56-61.

Superior Recovery –

62.    Superior Recovery, acting at the behest of, and in concert with Wells Fargo Auto is in violation of section 808 (6) (a) non-judicial action by seizing Gordon's Tahoe without present right to do so.

63.    Superior Recovery's failure to comply after being served with request of debt validation is in violation of the FDCPA as follows:

a. 809 (a) failed to reply to Gordon's request for debt validation

b. 809 (b) failed to comply with Gordon's request for debt validation and failed to cease debt collection activities for thirty-days by continuing with the seizure of Gordon's Tahoe.

64.    Superior Recovery communications are in violation of the FDCPA in the following:

    a.  805 (b) communication with third party Wells Fargo Auto without written permission of Gordon to organize and inform of seizure.

    b.  805 (b) communication with third party Cox Automotive without written permission of Gordon to organize and schedule transfer of Tahoe.

65.    Superior Recovery's conduct and actions as referenced in paragraphs 62-64 have caused serious harm to Gordon and his family, who is entitled to relief pursuant to section 813.

Cox Automotive Inc-

66.    Cox Automotive taking possession of Gordon's Tahoe and detaining it against his will is a violation of section 808 (6).

67.    Cox Automotive and CEO Rowley were served with a cease and desist and request for validation of debt. Cox Automotive and CEO Rowley by and through their failure to respond is in violation of the FDCPA as follows:

    a.  809 (a) failure to provide validation after Gordon's request

b. 809 (b) failure to provide validation and continuous debt collection activities within the thirty-days by failing to release Gordon's Tahoe.

68.      Cox Automotive and CEO Rowley by and through its actions referenced in paragraphs 66 and 67 have caused serious harm to Gordon and his family who is entitled to relief pursuant to section 813 of the Act.

## C. Count 3-The Georgia Fair Business Practices Act ("GFBPA").

69.      The GFBPA is an Act in Georgia to protect consumers and legitimate businesses from unfair and deceptive practices in commerce. The General Assembly of Georgia declares, "unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful."

Five Star Chevrolet Cadillac, LLC-

70.      Five Star Chevy engaged in unfair and deceptive practices in the following ways violating the GFBPA:

a. Five Star Chevy participated in deceptive financing by changing the numbers from the exhibit 4 to exhibit 5 for unjust enrichment by

selling extra products to gain extra compensation on the dealership side without Gordon's knowledge or consent.

b. Five Star Chevy, by and through its salesman made false statements that the lender required Gordon to give down payment and submit lease to secure financing which was rebutted by lender as referenced in paragraph 40.

c. Five Star Chevy, by and through its actions of failing to give Gordon paperwork for more than six days despite several requests (hiding issues that have directly lead to this cause of action).

d. Five Star Chevy, by and through its actions of creating the fraudulent RISC 2 have caused serious harm to Gordon's personal property and credit.

71.    Five Star Chevy's actions and activities described in paragraph 70 have caused serious harm to Gordon and his family, who is entitled to compensatory and equitable relief under this Act.

72.    As referenced in paragraph 45, Gordon brings these claims against Wells Fargo Bank as the holder of RISC 1.

<u>Wells Fargo Bank</u>

73.    Wells Fargo Bank by its activities and practices are in violation of this Act in the following:

   a. Causing confusion of who the actual lender(assignee) is in this credit transaction. Gordon was given no disclosures that Wells Fargo Dealer Services and Wells Fargo Auto were alternative names used in business by Wells Fargo Bank. Even after disputes, this information wasn't disclosed until litigation.

   b. Bank continued its violation by reporting Wells Fargo Dealer Services as the creditor on one consumer report of Gordon and Wells Fargo Auto as the creditor on another of consumer report of Gordon. See exhibit 20.

   c. Wells Fargo Bank engaged in deceptive practices by using confusion and misrepresentation of RISC 2, which they were notified was fraudulent, to seize Gordon's Tahoe.

74.    Wells Fargo Bank's actions and activities referenced in paragraph 73 have caused serious harm to Gordon and his family, who is entitled to compensatory and equitable relief under this Act.

## D. Count 4 – Tort Violation – Invasion of Privacy

Five Star Chevy

75.    Five Star Chevy had a legal duty to protect Gordon's private information and failed when it utilized his private information to create RISC 2 without Gordon's knowledge or consent.

76.    Five Star Chevy acted willingly and knowingly concealing RISC 2 from Gordon. Gordon received his paperwork on June 7, 2022, and it did not include the RISC 2 which is timestamped for June 3, 2022. Additionally, Five Star Chevy was running Gordon's credit application under RISC 1 and RISC 2. See exhibit 21.

77.    RISC 2 was utilized to create an alleged obligation that led to the seizure of Gordon's Tahoe, defamation of character, defamation of credit, loss of economic opportunities and adverse actions to his physical and mental health.

78.    Gordon sent a rescission letter along with a settlement offer to Five Star Chevy who rejected the offer and maintains they followed all State and Federal law for the consumer transaction represented by RISC 1.

79.    The action and activities as described in paragraphs 75-78 of Five Star Chevy's material involvement in invading Gordon's privacy by identity theft and name appropriation have caused serious harm to Gordon's well-being

and personal property and he is entitled to relief from damages occurring from this tortious violation.

### E. Count 5 – Tort Violation – Deceit

Wells Fargo Bank

80.    Wells Fargo Bank, by and through its multiple names have caused serious harm to Gordon from its intentional deceit while attempting to utilize RISC 2 to deprive Gordon of his rights.

81.    Gordon tendered payment to Wells Fargo Auto on August 11, 2022. Gordon also sent copies of payment to CFO Santomassimo of Wells Fargo Bank.

82.    Wells Fargo Bank failed to promptly credit Gordon's account and produced a second security note (RISC 2) which they stated was valid and attempted to collect upon it.

83.    This security note identified as RISC 2 contained a statement that it was the true and accurate agreement binding Gordon to a fraudulent obligation that was ultimately used to seize Gordon's Tahoe.

84.    Gordon's notices, complaints to CFPB, and his complaints to the OCC all went without a high duty of care to investigate by Wells Fargo Bank. The

bank failed to address how RISC 2 was created, on whose authority, and why it believes Wells Fargo Auto had a substantial right to enforce a fraudulent when seizing Gordon's Tahoe.

85.     The deceit and misrepresentation went even further by reporting to the consumer reporting agencies that RISC 1 is in the name of Wells Fargo Dealer Services and RISC 2 is in the name of Wells Fargo Auto caused Gordon to have to defend his credit and his obligations already performed to attempt and stop the unjust foreclosure of the account and seizure of the vehicle as referenced in paragraph 73 b.

86.     Wells Fargo Bank has a public duty to manage and maintain all securities in a ethical manner. By enforcing RISC 2, which Gordon gave notice several times was fraudulent, failed this duty causing serious harm to Gordon and being unjustly enriched by this fraudulent act.

87.     Gordon made an offer of settlement through his complaint with the CFPB in early January which was rejected.

## F. Count 6 – Tort Violation – Trespass by Conversion

Superior Recovery

88.     On December 22, 2022, Superior Recovery seized Gordon's Tahoe without his permission and without just cause.

89.    Gordon gave verbal and written notice that this action was done without cause and this occurrence happened under duress. Gordon gave Superior Recovery a chance to privately remedy the situation in which they rejected.

90.    Superior Recovery deprived and withheld Gordon's property from him from December 22 to December 31, 2022, and then subsequently transferred Gordon's Tahoe to Cox Automotive.

91.    Superior Recovery by and through its actions described in paragraphs 88-90 have caused serious harm to Gordon and have been unjustly enriched for its action.

Cox Automotive

92.    Cox Automotive received Gordon's property from Superior Recovery on December 31, 2022.

93.    Cox Automotive has continually deprived Gordon of his Tahoe without his permission and without just cause since taking possession of the Tahoe.

94.    Gordon notified Cox Automotive that it had no just cause to have his Tahoe, and he required its immediate release or information validating debt which gave Cox Automotive the authority to withhold his personal property.

95.    Cox Automotive's actions and activities have caused a trespass against Gordon and his property and have caused serious harm to Gordon while they have been unjustly enriched for their actions.

## G. Count 7 – Breach of Fiduciary Duty

Michael P. Santomassimo – CFO Wells Fargo

96.    Michael P. Santomassimo is a Senior Executive Vice President and Chief Financial Officer for Wells Fargo Bank. As the Chief Financial Officer of accounting, he has a fiduciary duty to settle the accounting for the company and its consumers.

97.    Gordon served upon CFO Santomassimo notice and copy of his complete performance of his obligation with instructions to equitably credit the principal account, as is his duty and obligation as the Chief Financial Officer.

98.    CFO Santomassimo failed his duty of care to Gordon to maintain and perform the duties of the account by failing to equitably credit Gordon's principal account.

99. This failure and breach of duty has caused serious harm to Gordon and has led to Gordon being deprived of his Tahoe and interfered with his rights to be safe form unlawful seizures or to have his rights abridged.

<u>Stephen M. Rowley</u>

100.    Upon transfer of Gordon's property to Cox Automotive, Gordon sent a letter to Stephen M. Rowley, CEO in his corporate and individual capacity by and through his registered agent requiring return of vehicle or validation of debt under the FDCPA.

101.    Upon receipt of the notice, Stephen M. Rowley, who is the Chief Executive Officer of Cox Automotive had a statutory duty to the consumer (Gordon) to provide required debt validation information and cease and desist collection activity for thirty days which would entail the release Gordon's vehicle.

102.    Rowley was noticed that the vehicle was seized without Gordon's permission and that this was a crime and was in violation of the FDCPA which creates a statutory fiduciary duty upon him as the Chief Executive Officer as referenced in paragraph 67.

103.    Rowley's failure to act have caused serious harm to Gordon who has been without his primary vehicle since last year.

## **DAMAGES**

H.  Gordon petitions the Court to grant an ORDER of relief as follows –

a. Declare Wells Fargo Bank by and through the conduct of Five Star Chevy is in violation of TILA.

b. Declare Wells Fargo Bank, Superior Recovery, and Cox Automotive are in violation of the FDCPA.

c. Declare Wells Fargo Bank and Five Star Chevy is in violation of the GFBPA.

d. Declare Wells Fargo Bank's conduct is in violation of Georgia Tort – Fraud and Deceit.

e. Declare Five Star Chevy's conduct is in violation of Georgia Tort – Invasion of Privacy (identity theft).

## Count 1 – TILA Violations (Wells Fargo Bank)

1. $109,804 Actual Damages

2. $28, 052 Two times the finance charge of the Tahoe.

## Count 2 – FDCPA Violations (per person)

1. $109, 804 Actual Damages (Wells Fargo Bank & Superior Recovery)

2. $2,000.00 per day from day of possession (Cox Automotive)

3. Additional Damages in the amount of $1,000.00 per violation, per occurrence

4. Court Cost (action and service of complaint)

5. Attorney Fees ($500 per hour x 10 hours per week from Jan 1, 2023 to day of granted order).

## Count 3 – GFBPA Violations (Wells Fargo Bank)

1. Injunctive Relief – return of Gordon's Tahoe or a suitable equitable replacement

2. Injunctive Relief – Free and clear title to the Tahoe.

3. Injunctive Relief - Remove all negative remarks from Gordon's consumer profile, report all payments on time, and paid in full.

4. $109, 804 for actual damages

5. Exemplary Damages for excessive and abusive practices with intent to deceive. All defendants have gained financially from this transaction and have left Gordon without his Tahoe and facing the difficulties of life without his vehicle.

## Count 4 – Tort Claim – Invasion of Privacy (Five Star Chevy)

1. $500,000.00 for invasion of privacy with intent to harm knowingly and willingly.

2. Punitive Damages to prevent and detour future behavior and activities of harming consumers by stealing their identity of consumers to create false securities without their knowledge.

## Count 5 – Tort Claim – Deceit with intent to injure (Wells Fargo Bank).

$1,000,000.00 for fraud and deceit with intent to harm knowingly and willingly and failure to remedy once noticed of the deceit.

1. Punitive Damages to prevent and detour future behavior and activities to deceive consumers.

## Count 6 – Tort Claim – Trespass by Conversion (per person)

1. $100,000.00 for illegal trespass from seizing Gordon's Tahoe and failing their due diligence to ensure it has lawful right to possession after being noticed by Gordon.

2. Punitive damages to prevent and detour future behaviors and activities to deprive consumers of their property without due process.

**Count 7 – Breach of Fiduciary Duty-**

1. $500,000.00 for intentional breach by ignoring Gordon's notices and failing to perform their obligated duties which led to the seizure of Gordons's Tahoe and caused serious harm.

2. Punitive Damages to prevent and detour future behaviors and activities that bring undue stress, depression, and anxiety. Gordon attempted to remedy these violations with non-response to his offers.

## CONCLUSION

Gordon went to obtain a Chevy Tahoe for personal, family, and household purposes on June 1, 2022. That experience turned into one of fraud and deceit by and through the violations listed herein this petition for order of relief. Congress specifically enacted laws (TILA, FDCPA) to prevent this type of egregious behavior against consumers. Gordon did everything within his knowledge to privately settle these matters and was rejected at every phase. He now liens on the Court to grant him an order of relief on all counts.

Gordon is entitled to relief and respectfully petition this Court to grant an order of relief for damages from the personal humiliation, embarrassment, mental anguish, emotional distress, worry and nausea, loss of credit opportunity, fear of

having private information being securitized without compensation, and credit and character defamation.  Gordon requests exemplary and punitive damages in addition to court costs, and reasonable attorney fees that have been incurred during this process.

Executed by my hand and declared to under the pains of penalty of perjury under the laws of the United States of America on this _27th_ day of March 2023.

By: Gordon ; William-Haywood/agent
For WILLIAM HAYWOOD GORDON
1659 Highway 20 West, Suite 370
McDonough, Georgia 30253

## JURAT

State of _Georgia_

County of _Henry_

This document of claim was acknowledged before me on this _27th_

day of _March_ , 2023. _William Haywood Gordon_

proved to me based on satisfactory evidence to be the person (s) who appeared

before me.

US PASSPORT ending in - _9476_

_Teresa Harris_

Printed Name:

_[signature]_

Signature:

GORDON PROPOSED AMENDED COMPLAINT p.31

We, the witnesses, each do hereby declare in the presence of the Principal and Agent that has executed this instrument with signature in the presence of each of us. The Agent signed it willingly, that each of us hereby signs this Notice as witness at the request of the Principal and Agent in the Principal's and Agent's presence.

Witness's Signature _HeRROD : Michaela-Stephanie_ Date _March 27 2023_

Email Address _Mharrod 25 @gmail.com_

Witness's Signature _Huddy. Tanyra-Ranna_ Date _March 27 2023_

Email Address _tanyaharris@yahoo.com_

UNITED STATES DISTRICT COURT
MIDDLE  DISTRICT OF GEORGIA
MACON - DIVISION

WILLIAM HAYWOOD GORDON _____ ,

_____ ,

Plaintiff(s),

v.                                                      5:22 _-CV-00458 MTT

WELLS FARGO BANK N.A. INC, (WELLS _____ ,              **AFFIDAVIT OF SERVICE**

FARGO DEALER SERVICES, INC, WELLS _____ ,

FARGO AUTO FINANCE, LLC) SUPERIOR _____ ,

RECOVERY AND TRANSPORT, LLC. _____ ,

Defendant(s).

I, Gordon, :William-Haywood _____ , declare under the pains of penalty
of perjury under the laws of tthe United States of America the following:

I have served a copy of the attached motion papers upon the all of the other parties in this case by
*(check the one which applies)* Mailing | X | Hand-delivering | |
the motion papers to the attorneys for all of the other parties at the following addresses:

George W. Hardison
Registered Agent - Superior Recovery and Transport, LLC
790 Dunbur Road
Byron, Georgia 31008
on
MARCH 27, 2023                            without Because

                                          By Gordon; William-Haywood / agent
                                          For WILLIAM HAYWOOD GORDON
                                               *(your signature)*

Sworn to before me this 27th
day of March , 20 23

_____
Notary Public

TERESA HARRIS
NOTARY
EXPIRES
GEORGIA
February 1, 2026
PUBLIC
HENRY COUNTY