IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WILLIAM HAYWOOD GORDON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-458 (MTT) |
| | ) |
| **SUPERIOR RECOVERY AND TRANSPORT LLC,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pro se plaintiff William Haywood Gordon moves to set aside the Court's order dismissing Wells Fargo Bank, N.A., Inc. ("Wells Fargo") as a party to this case under Federal Rule of Civil Procedure 60(b). Doc. 27. For the following reasons, that motion (Doc. 27) is **DENIED**.

On June 1, 2022, Gordon entered into a retail installment sales contract ("RISC") for the purchase of a 2019 Chevrolet Tahoe. Docs. 18-3 ¶¶ 11-12, 18; 18-8. The RISC was immediately assigned by the seller, Five Star Chevrolet, to Wells Fargo. Docs. 18-3 ¶ 21; 18-8 at 4. Pursuant to the RISC, Gordon was required to make monthly payments to Wells Fargo. Doc. 18-8 at 1. Beginning in October 2022, Wells Fargo notified Gordon that it had not received timely payments and warned Gordon that continued default would result in repossession of the vehicle. Docs. 18-13; 18-14; 18-17. On December 22, 2022, Wells Fargo, through its repossession agent Superior Recovery, repossessed Gordon's vehicle. Doc. 18-3 ¶¶ 32-37.

On December 29, 2022, Gordon filed this lawsuit against Wells Fargo and Superior Recovery and Transport, LLC alleging that the defendants unlawfully seized his vehicle.[1]  Doc. 1.  Wells Fargo moved to dismiss and, in response, Gordon moved to amend his complaint.  Docs. 7; 18.  Gordon's proposed amended complaint alleged that Wells Fargo violated the Fair Debt Collection Practices Act ("FDCPA").  Doc. 18-3 ¶¶ 54-61, 73-74, 80-87.  The Court granted Wells Fargo's motion to dismiss, in part, because Gordon failed to allege Wells Fargo was a debt collector.  Doc. 26 at 5-11.  Specifically, the Court concluded that Wells Fargo's attempts to collect the debt under the RISC were those of a creditor because it owned the debt on which it was attempting to collect.  *Id*. at 6.

Gordon's Rule 60(b) motion contends that Wells Fargo falsely claimed it had a valid security interest in his repossessed vehicle and, thus, the Court incorrectly concluded Wells Fargo was not a debt collector.  Doc. 27-2 at 2, 6-7.  In support of his motion, Gordon attaches a letter from the Georgia Department of Revenue.  Doc. 27-7 at 2.  The letter outlines that Wells Fargo's security interest in the vehicle began on June 1, 2022 and ended on December 27, 2022.  *Id*.  Because "Wells Fargo released its security lien from the certificate of title with the Georgia Department of Revenue" on December 27, 2022, Gordon argues Wells Fargo did not have a security interest in the vehicle when he filed the instant lawsuit on December 29, 2022.  Doc. 27-2 at 2.

---

[1] Gordon's complaint was signed on December 28, 2022, but it was not received by the clerk's office until December 29, 2022.  Doc. 1 at 9.  The date the complaint was received by the clerk's office controls. Fed. R. Civ. P. 5(d)(2) ("A paper not filed electronically is filed by delivering it: (A) to the clerk; or (B) to a judge."); *see Jacobs v. Clayton Cnty. Solic. Gen. Off.*, 685 F. App'x 824, 826 (11th Cir. 2017) (noting that the mailbox rule has not been extended to non-prisoner, pro se litigants); *see also Houston v. Lack*, 487 U.S. 266, 274 (1988) (leaving undisturbed the general rule in civil cases that filing occurs when the clerk receives the pleading, but carving out a "mailbox rule" for pro se prisoners).

A district court has the power pursuant to Federal Rule of Civil Procedure 60(b) to vacate or set aside a "final judgment, order, or proceeding."  Gordon asserts that Rule 60(b)(3) necessitates relief from the Court's order dismissing Wells Fargo.  Doc. 27-2 at 6.  Rule 60(b)(3) allows a court to set aside an order for fraud, misrepresentation, or misconduct by an opposing party.  Fed. R. Civ. P. 60(b)(3).  "The movant has the burden of proving that assertion by clear and convincing evidence."  *Attea v. Univ. of Miami*, 678 F. App'x 971, 974 (11th Cir. 2017) (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)).[2]  "Litigants cannot use a motion for reconsideration to ask a district court to 'relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.'"  *Attea*, 678 F. App'x at 974 (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009)).  Further, "[t]he conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense."  *Rozier*, 573 F.2d at 1339.

Gordon argues that because Wells Fargo released its lien on the 2019 Chevrolet Tahoe on December 27, 2022, Wells Fargo falsely represented that it had the authority to repossess Gordon's vehicle.  Doc. 27-2.  Gordon's argument is unavailing.  Whether Wells Fargo had a security interest in the vehicle at the time Gordon filed suit is irrelevant.  Rather, Wells Fargo's interest in the vehicle *at the time of repossession* determines whether the repossession was lawful.  Based on the documents Gordon submits, Wells Fargo did have a security interest in Gordon's Tahoe at the time of repossession.  Specifically, the letter from the Georgia Department of Revenue states

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

that Wells Fargo's security interest began on June 1, 2022, the day Gordon signed the RISC, and ended on December 27, 2022, presumably the day Wells Fargo sold the Tahoe.  Docs. 18-3 ¶¶ 11-12, 18; 18-8; 27-7.  Thus, Wells Fargo had a security interest in Gordon's vehicle when it repossessed the Tahoe on December 22, 2022, and Wells Fargo did not misrepresent its authority to repossess the vehicle in its motion to dismiss.  Doc. 18-3 ¶¶ 32-37.

In sum, Gordon has not demonstrated fraud, misrepresentation, or misconduct that would entitle him to relief under Rule 60(b).  Accordingly, Gordon's motion to set aside the Court's order dismissing Wells Fargo (Doc. 27) is **DENIED**.  Furthermore, the Court ordered Gordon to file an amended complaint no later than September 14, 2023.  Doc. 26.  The deadline has since passed, and Gordon has not filed an amended complaint.  Accordingly, Gordon shall **SHOW CAUSE** by **October 10, 2023** why his case should not be dismissed for failure to comply with the Court's order.

**SO ORDERED**, this 26th day of September, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT