IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM HAYWOOD GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:22-cv-458 (MTT) |
| ) | |
| WELLS FARGO BANK NA INC, *et al*. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER**

Pro se plaintiff William Haywood Gordon filed this action on December 29, 2022 against Wells Fargo Bank and Superior Recovery and Transport, LLC, alleging that the defendants unlawfully seized his vehicle. Doc. 1. On October 12, 2023, the action was dismissed and judgment was entered. Doc. 29. Gordon now moves for sanctions and relief from the judgment under Federal Rules of Civil Procedure 11(c) and 60. Docs. 31; 32. He also moves for an expedited determination of the Court's jurisdiction. Doc. 36. For the following reasons, those motions (Docs. 31; 32; 36) are **DENIED**.

**I. BACKGROUND**

This action arose out of Gordon's purchase of a 2019 Chevrolet Tahoe. Doc. 1. To secure that purchase, Gordon entered into a retail installment sales contract ("RISC") with the seller on June 1, 2022. Doc. 18-8. The seller immediately assigned the RISC to Wells Fargo. Doc. 18-3 ¶ 2. The RISC required Gordon to make monthly payments to Wells Fargo subject to the repossession of the vehicle. Doc. 18-8 at 1. Gordon failed to make the required payments and, thus, Wells Fargo repossessed the vehicle on December 22, 2022. Doc. 18-3 ¶ 33.

Gordon filed this action on December 29, 2022, alleging that Wells Fargo violated the Fair Debt Collection Practices Act and various state laws by repossessing his vehicle according to a "fraudulent" RISC.  Doc. 1.  Wells Fargo moved to dismiss; the Court granted the motion.  Docs. 7; 26.  The Court then ordered Gordon to amend his complaint to assert only his claims against the remaining defendant, Superior Recovery.  Doc. 26.  Gordon failed to comply with the Court's order, and the action was dismissed.  Doc. 29.  Judgment was entered against Gordon on October 12, 2023.  Doc. 30.

## II. DISCUSSION

Each of Gordon's post-judgment motions rests on the same argument—that Wells Fargo created a fraudulent RISC and misrepresented to the Court that it had a security interest and authority to repossess Gordon's vehicle.  Docs. 31; 32; 36.  The Court has rejected this argument several times, most recently in its order on Gordon's motion to set aside the Court's dismissal of Wells Fargo.  Doc. 28.  In that order, the Court concluded that "Wells Fargo had a security interest in Gordon's vehicle when it repossessed the Tahoe on December 22, 2022, and Wells Fargo did not misrepresent its authority to repossess the vehicle in its motion to dismiss."  Doc. 28 at 4.  The Court based its conclusion on documents from the Georgia Department of Revenue verifying Wells Fargo's security interest in the vehicle on the date of repossession.  *Id.* at 3-4.  In his new motions, filed nearly a year and a half after judgment was entered, Gordon has not provided any new evidence of fraud, misrepresentation, or other circumstances that would change the Court's conclusion.  But even if he had, Gordon would not be entitled to relief under Rules 11 or 60 of the Federal Rules of Civil Procedure.

First, a motion for sanctions under Rule 11(c) cannot be filed after final judgment unless the movant satisfies Rule 11(c)'s safe harbor requirement by serving the adverse party with the motion 21 days before judgment is entered.  *See Huggins v. Leuder, Larkin, & Hunter, LLC*, 39 F.4th 1342 (11th Cir. 2022) ("If a party fulfills the safe harbor requirement by serving a Rule 11 sanctions motion at least 21 days *before final judgment*, then she may file that motion after judgment is entered.") (emphasis added).  Gordon served Wells Fargo with the motion for sanctions on February 21, 2025, the same day he moved for sanctions before the Court and almost a year and a half after final judgment.  Doc. 29; 34.  Gordon's motion for sanctions, therefore, fails to satisfy Rule 11(c)'s safe harbor rule.

Second, Gordon's motion for relief from the judgment under Rule 60(b)(6) "due to newly discovered evidence and fraud" is untimely.[1]  Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment."  *Marsh v. Dep't of Child. & Fams.*, 259 F. App'x 201, 205 (11th Cir. 2007) (citing Fed. R. Civ. P. 60(b)) (internal quotation marks omitted).  Rule 60(b)(6), which allows a court to alter a judgment for "any other reason that justifies relief," applies only in extraordinary circumstances.  *See Griffin v. Swim-*

---

[1] In his motion for relief from judgment, Gordon also argues that the Court did not have jurisdiction because Wells Fargo had no legally protected interest in this action and, thus, it did not have standing. Doc. 32 at 4-5.  That argument is also the subject matter of Gordon's motion for an expedited determination on jurisdiction.  Doc. 36.  However, as the plaintiff and "the party invoking federal jurisdiction," it was Gordon's burden, not Wells Fargo's, to allege the elements of standing.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  And Gordon has no support for his contention that "Wells Fargo did not have standing to litigate or oppose motions" in a suit that Gordon brought against it.  Gordon's motion for expedited determination on jurisdictional grounds (Doc. 36) is, therefore, **DENIED**.

*Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).  Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time" while a motion under Rule 60(b)(1) – (3) must be brought "no more than a year after the entry of the judgment on order or the date of the proceeding."  *Id.*

Here, Gordon claims he is entitled to relief "due to newly discovered evidence and fraud," which are grounds for relief under Rules 60(b)(2) and (3).  Doc. 32 at 1.  Because relief under Rule 60(b)(6) is "available only when Rules 60(b)(1) – (5) are inapplicable," his motion is properly construed as a motion for relief under Rules 60(b)(2) and (3).  *Kemp v. United States*, 596 U.S. 528, 528 (2022).  Thus, his failure to move for relief within one year of final judgment renders his motion untimely.

Finally, Gordon fails to provide clear and convincing evidence of fraud on the court that would entitle him to relief under Rule 60(d)(3).  *See Council v. American Fed. of Gov't Employees Union*, 559 Fed. App'x 870, 872 (11th Cir. 2014) ("Where relief from judgment is sought for fraud on the court, the movant must establish by clear and convincing evidence the adverse party obtained the verdict through fraud.").  Again, Gordon's claims of fraud are not supported by the record.  And even if they were, "for fraud to lay a foundation for an independent action, it must be such that it was not in issue in the former action nor could it have been put in issue by the reasonable diligence of the opposing party."  *Travelers Indemn. Co. v. Gore*, 761 F.2d 1549, 1552 (11th Cir. 1985).  Gordon's allegations of fraud and misrepresentation have been repeatedly raised and rejected and, thus, do not demonstrate the "egregious form[ ] of subversion of the legal process" encompassed by fraud on the court.  *Id.*

### III. CONCLUSION

For the foregoing reasons, Gordon's motion for sanctions (Doc. 31), motion for relief from the judgment (Doc. 32), and motion for an expedited determination on jurisdiction (Doc. 36) are **DENIED**.

**SO ORDERED**, this 11th day of June, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
