IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM HAYWOOD GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:22-cv-458 (MTT) |
| ) | |
| WELLS FARGO BANK NA INC, *et al*. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER**

Pro se plaintiff William Haywood Gordon filed this action on December 29, 2022 against Wells Fargo Bank and Superior Recovery and Transport, LLC, alleging that the defendants unlawfully seized his vehicle. ECF 1. On October 12, 2023, the action was dismissed and judgment was entered. ECF 29. Gordon now moves to set aside the judgment under Rule 60(b)(4)[1] of the Federal Rules of Civil Procedure. ECF 38. For the following reasons, Gordon's motion to set aside the judgment (ECF 38) is **DENIED**.

**I. BACKGROUND**

This action arose out of Gordon's purchase of a 2019 Chevrolet Tahoe. ECF 1. To secure that purchase, Gordon entered into a retail installment sales contract ("RISC") with the seller on June 1, 2022. ECF 18-8. The seller immediately assigned the RISC to Wells Fargo. Doc. 18-3 ¶ 2. The RISC required Gordon to make monthly payments to Wells Fargo subject to the repossession of the vehicle. ECF 18-8 at 1.

---

[1] In his motion, Gordon states he is entitled to relief under Rule 60(d)(4). Rule 60(d)(4) does not exist. However, because Gordon asks the Court to set aside the judgment as "void," which is grounds for relief under Rule 60(b)(4), the Court construes Gordon's motion as a motion for relief under Rule 60(b)(4).

Gordon failed to make the required payments and, thus, Wells Fargo repossessed the vehicle on December 22, 2022. ECF 18-3 ¶ 33.

Gordon filed this action on December 29, 2022, alleging that Wells Fargo violated the Fair Debt Collection Practices Act and various state laws by repossessing his vehicle according to a "fraudulent" RISC. ECF 1. Wells Fargo moved to dismiss; the Court granted the motion. ECF 7; 26. The Court then ordered Gordon to amend his complaint to assert only his claims against the remaining defendant, Superior Recovery. ECF 26. Gordon failed to comply with the Court's order, and the action was dismissed. ECF 29. Judgment was entered against Gordon on October 12, 2023. ECF 30.

In March 2025, almost three years after judgment was entered, Gordon moved for sanctions and for relief from judgment pursuant to Rules 60(b)(6) and 60(d)(3). ECF 31; 32. The Court denied those motions, which largely repeated arguments Gordon had already made. ECF 37. On July 25, 2025, Gordon moved again to set aside the judgment under Rule 69(b)(6). ECF 38.

## II. DISCUSSION

In his motion to set aside judgment, Gordon argues that the Court lacked subject matter jurisdiction because the defendants had no legal capacity "to invoke the court's defensive jurisdiction." ECF 38.

Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." *Marsh v. Dep't of Child. & Fams.*, 259 F. App'x 201, 205 (11th Cir. 2007) (citing Fed. R.

Civ. P. 60(b)) (internal quotation marks omitted). A motion under Rule 60(b)(4) is not subject to Rule 60(c)(1)'s "reasonable time" requirement. *A&F Bahamas LLC v. World Venture Group, Inc.*, 796 F. App'x 657, 661 (11th Cir. 2020). Gordon contends the judgment is void for lack of subject matter jurisdiction.

First, the Court had subject matter jurisdiction over this action. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States. In his complaint, Gordon alleged that the defendants were liable under Fair Debt Collections Practices Act, a federal law. ECF 1 at 2. Thus, the Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Moreover, Gordon's argument that the Court lacked "defensive jurisdiction"[2] over this action is meritless. Gordon contends that Wells Fargo could not defend itself in this action because the name "Wells Fargo Dealer Services," rather than the defendant's name, "Wells Fargo Bank N.A," is listed on the RISC and other relevant documents. ECF 38 at 3-9. Gordon also argues that Wells Fargo made a binding admission that it was not the proper party in its corporate disclosure when it stated that "Wells Fargo Auto … was the proper party before this Court." *Id.* at 5.

Gordon misquotes Wells Fargo's corporate disclosures. Wells Fargo actually stated that Wells Fargo Bank, N.A. is "properly known as Wells Fargo Auto, a division of Wells Fargo Bank, N.A., fka Wells Fargo Dealer Services." ECF 9 at 1. As Wells Fargo stated in its corporate disclosures, and as Gordon stated in his complaint, Wells Fargo Auto, formerly known as Wells Fargo Dealer Services, is a "division of Wells Fargo

---

[2] Gordon cites no legal authority, and the Court has found none, for proposition that "defensive jurisdiction" is a jurisdictional requirement.

Bank, N.A," not a separate entity.[3] *Id.* at 1; ECF 1 ¶ 7. Wells Fargo's use of a division, or trade name, on the RISC and other documents related to the sale of Gordon's vehicle does not affect its ability to defend itself in this action. More importantly, it was Gordon who brought this action against Wells Fargo Bank, N.A.[4] ECF 1. Thus, even if Wells Fargo was an improper party, it was Gordon who failed to name the right corporation. And Gordon cites no authority that prohibits a defendant from putting forward a defense when sued. Accordingly, Gordon has not demonstrated that the judgment is void.[5]

Gordon's motion to set aside the judgment (ECF 38) under Rule 60(b)(4) is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Gordon's motion to set aside judgment (ECF 38) is **DENIED**.

**SO ORDERED**, this 16th day of January, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Gordon also argues that under Georgia law, "[t]rade names are legally incapable of appearing in court, much less invoking a federal court's defensive jurisdiction." ECF 38 at 6. Gordon cites no authority for that statement. To the contrary, under Georgia law, "[a] trade name is merely a name assumed or used by a person recognized as a legal entity." *Samples v. Georgia Mut. Ins. Co.*, 110 Ga. App. 297, 299, 138 S.E.2d 463 (1964). And "[a] corporation conducting business in a trade name may sue or be sued in the trade name." *Sam's Wholesale Club v. Riley*, 241 Ga. App. 693, 696, 527 S.E.2d 293, 296 (1999).

[4] Gordon's argument is reminiscent of his previous arguments that the defendants lacked standing. *See, e.g.*, ECF 32 at 4-5. As the Court stated in its previous order, "as the plaintiff and 'the party invoking federal jurisdiction,' it was Gordon's burden, not Wells Fargo's, to allege the elements of standing." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

[5] Gordon also argues that Wells Fargo's counsel violated Local Rule 83.1.3, which requires attorneys to state "the identity of the party for whom the appearance is made." Again, Wells Fargo, N.A. was a named defendant in this action, and its attorneys did not err by using Wells Fargo's name in their entries of appearances.